| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | Case Number: _____ |

| | |
|---|---|
| RYAN HOUCK, § | |
| § | |
| Plaintiff, § | Civil Action No.: |
| § | |
| v. § | |
| § | |
| § | **JURY TRIAL DEMANDED** |
| CENTRAL INDIANA SOARING, INC.; A.K.A § | |
| Soar Indy § | |
| § | |
| Defendant. § | |

## ORIGINAL COMPLAINT

Comes now, Ryan Houck ("Plaintiff"), on behalf of himself and all others similarly situated and alleges as follows:

## INTRODUCTION

1.      Plaintiff, Ryan Houck, brings this action against Central Indiana Soaring, Inc., a.k.a. Soar Indy ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*., (the "ADA"), its implementing regulations and for breach of contract.

2.      Plaintiff is disabled as he has Obstructive Sleep Apnea ("OSA"). He brings this suit against Defendant for failing to accommodate his disability by not offering an alternative schedule for his respective duties and unjust enrichment.  Therefore, Plaintiff seeks a declaration that Defendant has violated federal/state law, injunction requiring Defendant to offer a duty schedule in compliance with ADA requirements so that Defendant is fully accessible to, and independently usable by, disabled individuals such as Ryan Houck, costs, actual damages and attorney fees.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

3. On July 26, 1990, President George H.W. Bush signed into law the ADA, a comprehensive civil rights law prohibiting discrimination on the basis of disability.

4. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

5. Title III of the ADA prohibits discrimination in the activities of places of public accommodation and requires places of public accommodation to comply with ADA standards and to be readily accessible to, and independently usable by, individuals with disabilities. 42 U.S.C. § 12181-89.

## JURISDICTION AND VENUE

6. Plaintiff's claims asserted herein arose in this judicial district and Defendant does substantial business in this judicial district.

7. Venue in this judicial district is proper under 28 U.S.C. §1391(b) and (c) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff, Ryan Houck, is and, at all times relevant hereto, was a resident of Howard County, Indiana. Plaintiff is and, at all times relevant hereto, has been legally disabled and is therefore a member of a protected class under the ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

9. Defendant is upon information and belief headquartered at 7222 N. Shadeland Ave, Suite 200, Indianapolis, IN 46250.

## VIOLATIONS AT ISSUE

10. Plaintiff had heard that Defendant did glider operations and he wanted to get his pilot's license (PP-G rating).

11. Plaintiff visited Defendant at the Alexandria Airport.

12. Upon arriving Plaintiff met Dave Waymire (President at the time).

13. After talking to Dave Waymire, Plaintiff decided he wanted to take a discovery flight and signed a waver.

14. Plaintiff's first glider ride was with Tom Beckenbauer (Chief Flight Instructor).

15. After Plaintiff's that flight he went to the airport lobby get a brochure and Tom gave his card with his personal cell phone number on it to Plaintiff.

16. About a week later Plaintiff received an email from Duke Koelsch with Tom Beckenbauer and Dave Waymire copied on it.

17. Duke Koelsch was asking if Plaintiff wanted to crew on Saturdays or Sundays.

18. Plaintiff responded stating Saturdays would work best and that *he could not be tied to a specific start time due to his medical disability* and ended up going into great detail about it in the email.

19. Plaintiff's health condition is Obstructive Sleep Apnea "OSA".

20. The tissues in his airway are much smaller than normal.

21. This causes him to not oxygenate his blood well at night which leads to extreme fatigue during the day.

22. This leads to difficulty making appointments in the morning.

23. He has five alarms in his bedroom.

24. His employer allows for a "flexible start time" which is a reasonable accommodation for individuals that have OSA.

25. This is a condition Plaintiff was born with and is incurable. This was not caused by obesity as many believe is the only cause for OSA.

26. Plaintiff was 100% honest and transparent in explaining to Tom Beckenbauer his disability.

27. Tom responded in email that and said "Thanks for letting me know about your OSA.

28. Some weeks later there was a safety meeting on the second floor in the room above the lobby after operations were done for the day.

29. After the meeting Plaintiff followed Dave Waymire outside (right before he took off in his Cessna) and spoke to him in the grass outside the lobby about Plaintiff's disability.

30. He said that's fine a lot of people pitch in and help out even though it's not their crew day and to just show up on my crew day and everything would be fine.

31. Defendant, with this knowledge, invited Plaintiff to join and accepted his money.

32. Plaintiff felt relieved and for the rest of 2018. Plaintiff pitched in and helped out, everything was fine.

33. 2018 went well.

34. In 2019 Plaintiff was asked to be the vide-president and help build membership and rebrand the organization.

35. Plaintiff was at an extremely busy as this time in his life.

36. He was working a lot, he had just purchased his first house and was also doing his vice-presidential duties.

37. This exacerbated his OSA.

38. At this time there was a change in leadership and Dave Colclasure took over as president.

39. Plaintiff missed two days in July 2019 due to his condition and he paid the fee.

40. The treasurer Andy Churchill informed Plaintiff that Defendant was going to start pursuing a $60 missed crew duty fee.

41. At this time there was a change in leadership and Dave Colclasure took over as president.

42. Plaintiff resigned as vice-president over the new collection campaign of the $60 fee. He did maintain his membership.

43. Plaintiff continued to explain his condition to Andy the treasurer but to no avail.

44. Now in 2021, Dave Colclasure refused to accommodate Plaintiff's disability.

45. Plaintiff never received notice that his disability could not be accommodated.

46. Plaintiff explained how he informed previous leadership of his disability which Dave Colclasure responded that no one left him any notes saying that Plaintiff had a disability.

47. Plaintiff had his membership terminated.

48. Plaintiff was treated differently than other members as they were not terminated while they did the some alleged wrong things as Plaintiff.

49. As a result of Defendant's non-compliance with the ADA, Plaintiff, unlike persons without disabilities, cannot complete his PP-G pilot's license with Defendant as was agreed to by the parties.

50. Plaintiff has been harassed over his disability by having to repeatedly explain his disability.

51. Plaintiff has had emotional distress over this.

52. The Parties had an agreement in this matter.

53. Defendant breached such agreement.

54. He has suffered actual damages in the amount of $5,015.50 plus attorney fees.

**FIRST CAUSE OF ACTION - ADA**

55. The allegations contained in the previous paragraphs are incorporated by reference.

56. Defendant has discriminated against Plaintiff and in that it has failed to make its operations accessible to, and independently usable by, individuals who are disabled in violation of ADA, 42 U.S.C. § 12102(2) and the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq*.

57. Without the requested injunctive relief, specifically including the request that the Court retain jurisdiction of this matter for a period to be determined after the Defendant certifies that it is fully in compliance with the mandatory requirements of the ADA that are discussed above, Defendant's non-compliance with the ADA's requirements that its operation be fully accessible to, and independently usable, by disabled people is likely to recur.

## SECOND CAUSE OF ACTION – Unjust Enrichment

58. The allegations contained in the previous paragraphs are incorporated by reference.

59. A benefit of $5,015.50 was conferred upon Defendant at the express or implied request of Defendant.

60. Allowing Defendant to retain the $5,015.50 benefit without restitution would be unjust to the Plaintiff given the situation, as detailed *supra*.

61. Plaintiff expected to retain his $5,015.50 or obtain his PP-G rating.

## PRAYER FOR RELIEF

a. A Declaratory Judgment that at the commencement of this action Defendant was in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant took no action that was reasonably calculated to ensure that all of its operations were accessible to, and independently usable by, disabled individuals such as Plaintiff;

    b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504 (a) which directs Defendant to take all steps necessary to brings its operations into full compliance with the requirements set forth in the ADA, and its implementing regulations.

    c.      Payment of costs/expenses of suit;

    d.      Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505;

    e.      Actual damages,

    f.      Emotional distress damages, and

    g.      The provision of whatever other relief the Court deems just, equitable and appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Respectfully submitted

*/s/ Ryan R. Frasher*
Ryan R. Frasher, No. 27108-49
The Frasher Law Firm, P.C.
3209 W. Smith Valley Road, Suite 102-5
Greenwood, IN 46142
T: 317.300.8844
F: 317.218.4501
rfrasher@frasherlaw.com
Attorney for Plaintiff

Case 1:22-cv-01315-TWP-MPB  49D04-2203-PL-009543  Document 1-1 Filed 04/01/22  Page 8 of 17 PageID #: 11  Filed: 3/23/2022 3:34 PM
Clerk
Marion Superior Court 4   Marion County, Indiana

AO 458 (Rev. 06/09) Appearance of Counsel

# UNITED STATES DISTRICT COURT
for the

|                        |   |           |
|------------------------|---|-----------|
| _____   | ) |           |
| *Plaintiff*            | ) |           |
| v.                     | ) | Case No.  |
| _____   | ) |           |
| *Defendant*            | ) |           |

## APPEARANCE OF COUNSEL

To:     The clerk of court and all parties of record

I am admitted or otherwise authorized to practice in this court, and I appear in this case as counsel for:

_____ .

Date: _____                            _____
                                                                        *Attorney's signature*

                                                                        _____
                                                                        *Printed name and bar number*

                                                                        _____
                                                                        *Address*

                                                                        _____
                                                                        *E-mail address*

                                                                        _____
                                                                        *Telephone number*

                                                                        _____
                                                                        *FAX number*

| STATE OF INDIANA | ) | IN THE MARION SUPERIOR/CIRCUIT COURT |
|---|---|---|
| | ) SS: | |
| COUNTY OF MARION | ) | Case Number: _____ |

| RYAN HOUCK, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | Civil Action No.: |
| | § | |
| v. | § | |
| | § | |
| | § | **JURY TRIAL DEMANDED** |
| CENTRAL INDIANA SOARING, INC.; A.K.A. | § | |
| SOAR INDY | § | |
| | § | |
| Defendant. | § | |

## SUMMONS

TO DEFENDANT:   Central Indiana Soaring, INC.; a.k.a. Soar Indy
c/o Eric M. Douthit
938 Conner Street,
Noblesville, IN 46061

You are hereby notified that you have been sued by the person named as Plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you by the Plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by Plaintiff.

If you have a claim for relief against the Plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

3/23/2022
Dated_____      _____ (Seal)
                                          Clerk, Marion County

The following manner of service of summons is hereby designated:
XX   Registered or certified mail
____ Service at place of employment, to-wit:
____ Service on individual - (Personal or copy)
____ Service on agent (Specify)
____ Other service (Specify)

Ryan R. Frasher (27108-49)
The Frasher Law Firm, P.C.,
3209 W. Smith Valley Rd., Ste. 102-5
Greenwood, IN 46142
Office:    (317) 300-8844

IN THE MARION COUNTY SUPERIOR COURT
STATE OF INDIANA

| | |
|---|---|
| RYAN HOUCK, </br></br>   Plaintiff, </br></br> v. </br></br> CENTRAL INDIANA SOARING, INC.; </br> A.K.A. SOAR INDY, </br></br>   Defendant, | ) CAUSE NO. 49D04-2203-PL-009543 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

**This Appearance Form must be filed on behalf of every party in a civil case.**

1. The party on whose behalf this form is being filed is:

   Initiating: ☐   Responding: ☒   Intervening: ☐; and
   the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

   Name of party: **CENTRAL INDIANA SOARING, INC.; A.K.A. SOAR INDY**

   Address of party *(see Question # 5 below if this case involves a protection from abuse order, a workplace violence restraining order, or a no-contact order)*

   c/o FROST BROWN TODD LLC
   201 N. Illinois St., Suite 1900
   P.O. Box 44961
   Indianapolis, IN  46244-0961
   317-237-3800

   (List on a continuation page additional parties this **attorney** represents in this case.)

2.     Applicable attorney information for service as required by Trial Rule 5(B)(2):

| | | | |
|---|---|---|---|
| Name: | **Alexander P. Will** | Attorney No.: | 23474-49 |
| | **FROST BROWN TODD LLC** | Phone: | (317) 237-3800 |
| Address: | **201 North Illinois Street, Suite 1900** | FAX: | (317) 237-3900 |
| | **P.O. Box 44961** | Email: | awill@fbtlaw.com |
| | **Indianapolis, IN 46244-0961** | | |

**IMPORTANT**: Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and

(c)     understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the Courts Portal at http://portal.courts.in.gov.

3.     This is a PL case type as defined in administrative Rule 8(B)(3).

4.     This case involves child support issues. Yes ☐ No ☒ (If yes, supply social security numbers for all family members on a separately attached document filed as confidential information on **light green paper**. Use Form TCM-TR3.1-4.)

5.     This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order.  Yes ____ No ☒ *(If Yes, the initiating party must provide an address for the purpose of legal service but that address should not be one that exposes the whereabouts of a petitioner.)*  The party shall use the following address for purposes of legal service:

        _____     Attorney's address

        _____     The Attorney General Confidentiality program address (contact the Attorney General at 1-800-321-1907 or e-mail address is **confidential@atg.state.in.us**).

        _____     Another address (provide)

        _____

This case involves a petition for involuntary commitment.  Yes ☐ No ☒

6. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment:

   a. Name of the individual subject to the petition for involuntary commitment if it is not already provided in #1 above: _____

   b. State of Residence of person subject to petition: _____

   c. At least one of the following pieces of identifying information:

      i. Date of Birth _____
      ii. Driver's License Number _____
         State where issued _____ Expiration date _____
      iii. State ID number _____
         State where issued _____ Expiration date _____
      iv. FBI number _____
      v. Indiana Department of Corrections Number _____
      vi. Social Security Number is available and is being provided in an attached confidential document Yes ____ No ____

7. There are related cases: Yes ☐ No ☒ (If yes, list on continuation page.)

8. Additional information required by local rule:  None.

9. There are other party members: Yes ☐ No ☒ *(If yes, list on continuation page.)*

10. This form has been served on all other parties and Certificate of Service is attached: Yes ☐ No ☐

*/s/ Alexander P. Will*
Alexander P. Will, #23474-49
FROST BROWN TODD LLC
201 N. Illinois St., Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
T:  317-237-3800/ F:  317-237-3900
awill@fbtlaw.com

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ryan R. Frasher
The Frasher Law Firm, P.C.
3209 W. Smith Valley Road, Suite 102-5
Greenwood, IN 46142
rfrasher@frasherlaw.com

                                                               /s/ Alexander P. Will

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
awill@fbtlaw.com

EN20811.Public-20811   4891-6136-1959v1

4

IN THE MARION COUNTY SUPERIOR COURT
STATE OF INDIANA

| | | |
|---|---|---|
| RYAN HOUCK, | ) | CAUSE NO. 49D04-2203-PL-009543 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CENTRAL INDIANA SOARING, INC.; | ) | |
| A.K.A. SOAR INDY, | ) | |
| | ) | |
| Defendant, | ) | |

## MOTION FOR AUTOMATIC ENLARGEMENT OF TIME

Defendant Central Indiana Soaring, Inc.; a.k.a. Soar Indy by counsel, pursuant to Indiana Trial Rule 6(B)(1) and Marion County Local Rule LR49-TR5-203, moves for an automatic enlargement of time to respond to Plaintiff's Complaint. In support of this motion, Defendant states:

1. The undersigned attorneys were recently retained by Defendant.

2. Defendant was served on or about June 6, 2022, making Defendant's response due on or before June 29, 2022, which time has not yet expired.

3. Pursuant to Indiana Trial Rule 6(B)(1) and Marion County Local Rule LR49-TR5-203(D) Defendant moves for an initial enlargement of time of thirty (30) days from June 29, 2022, to and including July 29, 2022, to respond to Plaintiff's Complaint.

4. Defendant contacted plaintiff's counsel via email on June 29, 2022. He has no objection to this Motion.

WHEREFORE, Defendant, Central Indiana Soaring, Inc.; a.k.a. Soar Indy, asks that the Court grant this Motion for Automatic Enlargement of Time pursuant to Local Rule and that Defendant be given to and including July 29, 2022 to move or plead to Plaintiff's Complaint, and for all other just and proper relief in the premises.

2

FROST BROWN TODD LLC


By: /s/ Alexander P. Will
Anthony W. Overholt, #16481-49
Alexander P. Will, #23474-49
*Attorneys for Defendant Central Indiana Soaring, Inc.; a.k.a. Soar Indy*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN 46244-0961
(317) 237-3800 Phone
(317) 237-3900 Fax
awill@fbtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of June, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Ryan R. Frasher
The Frasher Law Firm, P.C.
3209 W. Smith Valley Road, Suite 102-5
Greenwood, IN 46142
rfrasher@frasherlaw.com

                                        */s/ Alexander P. Will*

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
awill@fbtlaw.com

EN20811.Public-20811   4883-5985-6679v1

FILED
July 1, 2022
CLERK OF THE COURT
MARION COUNTY
ER

IN THE MARION COUNTY SUPERIOR COURT
STATE OF INDIANA

| | | |
|---|---|---|
| RYAN HOUCK, | ) | CAUSE NO. 49D04-2203-PL-009543 |
| Plaintiff, | ) | |
| v. | ) | |
| CENTRAL INDIANA SOARING, INC.; A.K.A. SOAR INDY, | ) | |
| Defendant, | ) | |

**ORDER GRANTING MOTION FOR AUTOMATIC ENLARGEMENT OF TIME**

Defendant, Central Indiana Soaring, Inc.; a.k.a. Soar Indy, by counsel, having filed its Motion for Automatic Enlargement of Time to move or plead to Plaintiff's Complaint and the Court being duly advised, GRANTS this Motion and ORDERS that Defendant Central Indiana Soaring, Inc.; a.k.a. Soar Indy shall have to and including July 29, 2022, to move or plead to Plaintiff's Complaint.

Date: 7/1/2022                                              _Anne Flannelly_         Magistrate
                                                                                        Judge, Marion County Superior Court No. 4

Distribution:

Ryan R. Frasher
The Frasher Law Firm, P.C.
rfrasher@frasherlaw.com

Alexander P. Will
FROST BROWN TODD LLC
awill@fbtlaw.com

EN20811.Public-20811   4853-3838-5447v1